```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
THE SANDS HARBOR MARINA CORP.,
SANDS HARBOR MARINA LLC, THE SANDS
HARBOR MARINA OPERATING CORP.,
SANDS HARBOR MARINA OPERATING LLC,
GREG W. EAGLE, PINE CREEK RANCH,
LLC, and UNIVERSITY 1248, LLC,

                        Plaintiffs,        MEMORANDUM & ORDER
                                           09-CV-3855(JS)(WDW)
          -against-

WELLS FARGO INSURANCE SERVICES OF
OREGON, INC., WELLS FARGO BANK,
N.A., EVMC REAL ESTATE CONSULTING,
INC., LARRY ESACOVE, THE ESTATE OF
AIDA ESACOVE, DAVID P. GUILOT,
ANTHONY B. CHOPRA, TISDALE &
NICHOLSON, LLP, JEFFREY A. TISDALE,
GUY C. NICHOLSON, and MICHAEL D.
REIS,

                        Defendants.
----------------------------------------X
APPEARANCES
For Plaintiffs:         Roy A. Klein, Esq.
                        Law Offices of Roy A. Klein
                        352 Broad Hollow Road, Suite 144
                        Melville, NY 11747

For Wells Fargo
Defendants:             Jura C. Zibas, Esq.
                        Wilson Elser
                        150 East 42nd Street, 21st Floor
                        New York, NY 10017

                        Peter J. Biging, Esq.
                        Samuel Christopher Watkins, Esq.
                        Sanem Ozdural, Esq.
                        Lewis, Brisbois, Bisgaard & Smith, LLP
                        77 Water Street, Suite 2100
                        New York, NY 10005

For T&N Defendants:     Gregory John Radomisli, Esq.
                        Martin, Clearwater & Bell
```

```
                              220 East 42nd Street
                              New York, NY 10028

For Defendant Reis:           Michael F. Bachner, Esq.
                              Scott James Splittgerber, Esq.
                              Bachner & Herskovits, P.C.
                              26 Broadway, Suite 2310
                              New York, NY 10004

                              Howard S. Weiner, Esq.
                              Bachner & Associates, P.C.
                              39 Broadway, Suite 1610
                              New York, NY 10006

For remaining
Defendants:                   No appearances.
```

SEYBERT, District Judge:

Currently, the following motions are pending before the Court: (1) a motion by Plaintiffs the Sands Harbor Marina Corp., Sands Harbor Marina LLC, the Sands Harbor Marina Operating Corp., Sands Harbor Operating LLC, Greg W. Eagle, Pine Creek Ranch, LLC, and University 1248, LLC (collectively "Plaintiffs") for default judgment against Defendants EVMC Real Estate Consultants, Inc., Larry Esacove, and the Estate of Aida Esacove (collectively the "EVMC Defendants") (Docket Entry 94), which has been referred to Magistrate Judge William D. Wall; (2) a motion by Defendants Tisdale & Nicholson, LLP ("Tisdale & Nicholson"), Jeffrey A. Tisdale ("Tisdale"), and Guy C. Nicholson ("Nicholson" and together with Tisdale and Tisdale & Nicholson, the "T&N Defendants") to amend/correct/supplement the Court's February 19, 2013 Memorandum and Order (the "February

Order") (Docket Entry 109); (3) a motion by the T&N Defendants for reconsideration of the Court's February Order (Docket Entry 114); and (4) Plaintiffs' motion for reconsideration of the Court's February Order (Docket Entry 117).  For the following reasons, Plaintiffs' motion for default is DENIED with leave to renew, Plaintiffs' motion for reconsideration is GRANTED IN PART and the Court DEFERS RULING IN PART, the T&N Defendants' motion to amend/correct/supplement is GRANTED, and the T&N Defendants' motion for reconsideration is GRANTED IN PART and the Court DEFERS RULING IN PART.

## BACKGROUND

The Court presumes familiarity with the underlying facts of this case, which are detailed in the February Order. Briefly, Plaintiffs commenced this action primarily for alleged violations of the Racketeer Influenced and Corrupt Act of 1970 ("RICO"), as codified by 18 U.S.C. § 1961 et seq.  Plaintiffs also raised various state law claims.

The Court's February Order dismissed Plaintiff's RICO claims against the T&N Defendants, the Wells Fargo Defendants, and Michael D. Reis.  In Section VI of that Opinion, the Court declined pendent jurisdiction over Plaintiff's state law claims.

The T&N Defendants now move to amend/correct/ supplement the February Order to the extent that Section VI did not explicitly acknowledge that they, in addition to some of the

3

other defendants, had moved to dismiss the state law claims. The T&N Defendants and Plaintiffs also move for reconsideration of the February Order to the extent that it dismissed Plaintiff's state law claims without prejudice.

DISCUSSION

The T&N Defendants' motion to amend/correct/supplement is essentially one for reconsideration, and therefore the Court will first address the relevant standard of review on a motion for reconsideration before addressing the three pending motions for reconsideration, followed by a discussion of the pending motion for default.

I. Reconsideration Motions

   A. Legal Standard

Motions for reconsideration may be brought pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure and Local Rule 6.3.  See Wilson v. Pessah, No. 05-CV-3143, 2007 WL 812999, at *2 (E.D.N.Y. Mar. 14, 2007).  A motion for reconsideration is appropriate when the moving party believes that the Court overlooked important "matters or controlling decisions" that would have influenced the prior decision. Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999).  The Court may also reconsider an order or judgment where there was "mistake, inadvertence, surprise, or excusable neglect."  FED. R. CIV. P. 60(b).

4

Reconsideration is not a proper tool to repackage and relitigate arguments and issues already considered by the Court in deciding the original motion. See United States v. Gross, No. 98-CR-0159, 2002 WL 32096592, at *4 (E.D.N.Y. Dec. 5, 2002) ("A party may not use a motion to reconsider as an opportunity to reargue the same points raised previously."). Nor is it proper to raise new arguments and issues. See Lehmuller v. Inc. Vill. of Sag Harbor, 982 F. Supp. 132, 135 (E.D.N.Y. 1997). Reconsideration may only be granted when the Court did not evaluate decisions or data that might reasonably be expected to alter the conclusion reached by the Court. Wechsler v. Hunt Health Sys., 186 F. Supp. 2d 402, 410 (S.D.N.Y. 2002).

B.  Motions for Reconsideration

Here, the T&N Defendants move for reconsideration of the February Order, essentially asserting that the Court should render a decision on the merits of Plaintiffs' state law claims against them. More specifically, they maintain that the Court erred in not dismissing Plaintiffs' state law claims against them with prejudice. (T&N Defs.' Br. for Reconsideration, Docket Entry 116, at 1.) They also seek reconsideration of the February Order as the Court did not explicitly acknowledge that they had moved for dismissal of the state law claims. Similarly, Plaintiffs move for reconsideration of the February Order insofar as the Court declined pendent jurisdiction over

5

Plaintiffs' state law claims and dismissed them without prejudice. In contrast to the T&N Defendants' motion, however, Plaintiffs maintain that the Court erred in declining pendent jurisdiction because the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 due to the diversity of the parties.

Before turning to the merits of the substantive motions for reconsideration, the Court will first address the T&N Defendants' motion to amend/correct/supplement the February Order (T&N Defs.' Mot. to Amend, Docket Entry 109), which the Court has characterized as one for reconsideration. As part of that motion, the T&N Defendants assert that the Court inadvertently failed to mention that they had moved for dismissal of Plaintiffs' state law claims in their motion to dismiss. (T&N Defs.' Mot. to Amend at 1.) As this is an appropriate ground for reconsideration, the T&N Defendants' motion is GRANTED.

Furthermore, the Court notes that the T&N Defendants are correct that they did seek dismissal of Plaintiffs' state law claims against them. (See T&N Defs.' Mot. to Dismiss, Docket Entry 61, at 39-44.) Accordingly, insofar as the February Order did not explicitly state that the T&N Defendants

6

moved to dismiss the state law claims,[1] the Court HEREBY AMENDS the February Order to reflect such.

Thus, with that apparently minor clarification in mind, the Court turns to the remaining motions for reconsideration. In their motion, the T&N Defendants essentially assert that the Court erred in failing to address Plaintiffs' state law claims on the merits. At their core, the T&N Defendants' arguments center around the notion that the February Order "results in manifest injustice because defendants are potentially forced to defend against claims that represent a mere fraction of the second amended complaint." (T&N Defs.' Br. for Reconsideration at 1; see id. ("The interests of justice require that this Court examine the state law claims, especially when a vast majority of the second amended complaint has already been dismissed, and plaintiffs would not benefit from a third attempt to craft cognizable claims.").)

This argument, however, does not point to any inadvertence or oversight by the Court. Rather, the T&N Defendants themselves had argued that the Court decline pendent jurisdiction over Plaintiffs' state law claims. (See T&N Defs.' Mot. to Dismiss at 43 ("Alternatively, if this Court dismisses the plaintiffs' federal claims against the moving defendants, it

---

[1] The T&N Defendants affirmatively recognize that such acknowledgement in the February Order has no "practical effect in this action." (T&N Defs.' Br. to Amend at 1.)

7

should decline to exercise supplemental jurisdiction over the plaintiffs' state law claims . . . .").) Accordingly, the T&N Defendants' motion for reconsideration in this regard is DENIED.

The remainder of the T&N Defendants' motion for reconsideration anticipates Plaintiffs' argument that the Court retains jurisdiction over the state law claims due to diversity jurisdiction. Such a prediction was accurate, as Plaintiffs' subsequently moved for reconsideration of the February Order on that very ground.[2]

Notably, however, while the parties have briefed the issue of whether the Court retains subject matter jurisdiction over the state law claims due to diversity jurisdiction, the retention of federal question jurisdiction due to the default of the EVMC Defendants has never been adequately addressed by the parties. At this stage, while the motion for default is still pending, the Court retains federal question jurisdiction. If Judge Wall ultimately finds that the EVMC Defendants are liable to Plaintiffs on Plaintiffs' RICO claims, the Court retains jurisdiction. If Judge Wall determines that the EVMC Defendants

---

[2] Notably, Plaintiffs moved for reconsideration of the February Order on March 6, 2013. The Court entered its February Order on February 19, 2013. As such, Plaintiffs' motion for reconsideration is untimely. See LOCAL CIV. R. 6.3 (requiring that a party wishing to file a motion for reconsideration do so within fourteen days "after the entry of the Court's determination of the original motion.").) The Court, however, will consider Plaintiffs' untimely submission as an implicit request for an extension of time and GRANTS such request.

are not liable to Plaintiffs under RICO, it will be necessary to address whether Plaintiffs have adequately pled diversity jurisdiction, as the parties have briefed in their currently pending reconsideration motions.

Accordingly, the T&N Defendants' motion for reconsideration and Plaintiffs' motion for reconsideration are GRANTED IN PART and the Court DEFERS RULING IN PART.

II. Motion for Default

Judge Wall has appropriately stayed a decision on the motion for default judgment against the EVMC Defendants because quantification of damages hinges on the motions for reconsideration. However, in reviewing the parties' submissions and the docket in this case, it is apparent that Plaintiffs' motion papers seeking default judgment fail to address how, if at all, the EVMC Defendants differ from the other defendants and whether Plaintiffs have adequately pled the elements of each of their claims against the EVMC Defendants.

A party's default constitutes an "admi[ssion of] all 'well-pleaded' factual allegations contained in the complaint." City of N.Y. v. Mickalis Pawn Shop, L.L.C., 645 F.3d 114, 137 (2d Cir. 2011) (quoting Vt. Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 246 (2d Cir. 2004)); accord Cablevision Sys. N.Y.C. Corp. v. Lokshin, 980 F. Supp. 107, 111 (E.D.N.Y. 1997). Thus, "a district court may not enter a default judgment unless

9

the plaintiff's complaint states a valid facial claim for relief." Mickalis Pawn Shop, 645 F.3d at 137 n.23 (collecting cases from other circuits).

Here, however, Plaintiffs have not sufficiently briefed whether their allegations are sufficient to state a claim for each of their causes of action against the EVMC Defendants. It is not this Court's obligation to "make a party's arguments for it or fill in the blanks on that party's behalf," Bey v. New York, No. 11-CV-3296, 2013 WL 3282277, at *6 (E.D.N.Y. June 25, 2013) (internal quotation marks and citation omitted); cf. Sioson v. Knights of Columbus, 303 F.3d 458, 460 (2d Cir. 2002) (stating that the Circuit will generally decline to scour the record for evidence to support a party's arguments).

Accordingly, the Court's Order referring Plaintiffs' motion for default (Docket Entry 98) is VACATED and Plaintiffs' motion for default is DENIED with leave to renew.

## CONCUSION

For the foregoing reasons, the T&N Defendants' motion to amend/correct/supplement is GRANTED, and Section VI the February Order is deemed AMENDED to reflect that the T&N Defendants' also moved to dismiss Plaintiffs' state law claims.

10

The T&N Defendants' and Plaintiffs' motion for reconsideration are GRANTED IN PART and the Court DEFERS RULING IN PART.

Furthermore, the Court's referral Order is VACATED, and Plaintiffs' motion for default is DENIED with leave to renew.  If Plaintiffs wish to renew their motion for default, they must do so within forty-five (45) days of the date of this Memorandum and Order.  Thereafter, the motion will be referred for a report and recommendation regarding liability only as against the EVMC Defendants.

If Plaintiffs do not renew their motion for default, any party may file a brief letter motion seeking reconsideration of the state law claims and referring the Court to the prior submissions in this regard.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

DATED:   September __18__, 2013
         Central Islip, New York