UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

THE SANDS HARBOR MARINA CORP., SANDS HARBOR MARINA LLC, THE SANDS HARBOR MARINA OPERATING CORP., SANDS MARINA OPERATING LLC, GREG W. EAGLE, PINE CREEK RANCH, LLC, and UNIVERSITY 1248, LLC,

                Plaintiffs,

-against-

USI INSURANCE SERVICE NATIONAL, INC. f/k/a WELLS FARGO INSURANCE SERVICES OF OREGON, INC., EVMC REAL ESTATE CONSULTANTS, INC., LARRY ESACOVE, THE ESTATE OF AIDA ESACOVE, DAVID P. GUILOT, ANTHONY B. CHOPRA, TISDALE & NICHOLSON, LLP, JEFFREY A. TISDALE, and GUY C. NICHOLSON,

                Defendants.
---------------------------------------------------------------X

**MEMORANDUM & ORDER**

09-CV-3855(GRB)(ARL)

FILED
CLERK
3:15 pm, Dec 06, 2022
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**GARY R. BROWN**, United States District Judge:

Plaintiff Greg Eagle filed a motion for reconsideration of this Court's order finding *pro se* defendant Michael Reis covered by the Release Agreement, and thereby releasing him from Eagle's claims. *See* Electronic Order dated 08/03/2022; Docket Entry ("DE") 402. For the reasons that follow, the motion for reconsideration is DENIED.

*Relevant Facts*

The background of this matter, set forth in detail in this Court's February 18, 2022 Memorandum and Order, DE 382, is incorporated by reference and familiarity with which is assumed. For the sake of clarity, the Court will summarize additional facts related to the motion for reconsideration.

1

In June 2006, Reis and EVMC – the entity which allegedly defrauded Eagle – signed an independent consulting agreement entitling Reis to commissions on referrals that he made to EVMC. DE 345-1 at ¶ 95; DE 402-1. In 2007, one of Eagle's associates, Jay Jones, told Eagle that he believed that Reis had a personal agenda, should not be trusted, and would unquestioningly make any representation at EVMC's request. DE 345-1, ¶ 235. Nonetheless, in September 2008, Eagle executed a release in favor of EVMC in exchange for a funding capacity letter that he could provide to creditors and sellers. DE 345-1 at ¶ 275. The Release Agreement covered EVMC, "as well as its *agents*, officers, shareholders, employees, consultants and attorneys." DE 374-1 at § 2.2 (emphasis added). Eagle testified as follows with regard to the consulting agreement with EVMC:

> Q. Are you aware that Mr. Reis had a consulting agreement with EVMC personally separate from his work for Wells Fargo?
>
> A. I'm not sure if I technically knew that, but I knew he had. I mean, he's the one that told us about – about how [Esacove] can make things happen.
>
> Q. All right. And are you – were you aware or are you aware that he signed the Consulting Agreement before he became an employee of Wells Fargo?
>
> A. I'm not really aware of that, no.
>
> Q. Do you know anything about his consulting agreement with EVMC?
>
> A. Not really, no.
>
> Q. Do you know if he had an agreement that he was entitled to be paid certain monies by EVMC to the extent he successfully introduced them or assisted them in finding clients who would – who they could provide loans to?
>
> …
> [A.] I really didn't. I wasn't paying attention. I was paying attention to this stuff. It was a long, winding road and I thought we were to the end of it.
>
> DE 402-3 at 2.

*Standard of Review*

"[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F.Supp.2d 613, 614 (S.D.N.Y. 2000) (citation omitted). "The provision for reargument is not designed to allow wasteful repetition of arguments already briefed, considered and decided." *Schonberger v. Serchuk*, 742 F.Supp. 108, 119 (S.D.N.Y. 1990). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, et al., Federal Practice & Procedure § 4478 at 790). Thus, a request for reconsideration under Local Rule 6.3 must advance controlling law or factual matters that the movant believes the Court overlooked in its decision on the underlying matter and that "might reasonably be expected to alter the conclusion reached by the Court." *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "Rule 6.3 is intended to 'ensure the finality of decisions and to prevent the practice of a losing party . . . plugging the gaps of a lost motion with additional matters.'" *SEC v. Ashbury Capital Partners*, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (quoting *Carolco Pictures, Inc. v. Sirota*, 700 F.Supp. 169, 170 (S.D.N.Y.1988)). A court must narrowly construe and strictly apply Rule 6.3 so as to avoid duplicative rulings on previously considered issues and to prevent Rule 6.3 from being used either to advance different theories not previously argued or as a substitute for appealing a final judgment. *See Shamis v. Ambassador Factors Corp.*, 187 F.R.D. 148, 151 (S.D.N.Y. 1999). Having examined the submissions, plaintiff has not met this exacting standard.

*Discussion*

Plaintiff argues that the Release Agreement does not cover Reis because his independent consulting agreement with EVMC is missing the essential terms of a valid, enforceable agreement, and, furthermore, Eagle was unaware of any relationship between Reis and EVMC that would cover Reis under the language of the Release Agreement. DE 402 at 15-18. Even supposing that the independent consulting agreement was missing essential terms, Reis would still be covered under the Release Agreement as an agent of EVMC. "[W]hether an agency relationship has been created or exists is determined by the relation of the parties as they in fact exist by agreement or acts …, and the primary right of control is particularly persuasive." *Secci v. United Independent Taxi Drivers, Inc.*, 8 Cal. App. 5th 846, 855, 214 Cal. Rptr. 3d 379, 385 (2017).[1] Thus, an agency relationship may still exist between Reis and EVMC even if the employment contract was missing essential terms and thus unenforceable. Here, it is apparent that Reis acted as EVMC's agent since one of Eagle's own associates attested that Reis would make any representation EVMC wanted and Eagle knew Reis had a consulting agreement with EVMC. DE 345-1, ¶ 235; DE 402-3 at 2. Even if Eagle did not know Reis was entitled to receive commissions from EVMC, it is clear he understood that Reis acted on behalf of EVMC and was controlled by them. An agent need not be paid by the principal. *See United Independent Taxi Drivers, Inc.*, 8 Cal. App. 5th at 855 (listing various factors to consider when determining if an independent contractor is acting as an agent). Thus, even after viewing the evidence in the light most favorable to Eagle, the record establishes that EVMC had the requisite level of control over Reis to establish an agency-principal relationship, and that Eagle was aware of said relationship between Reis and EVMC. As such, Reis was the intended beneficiary of

---

[1] The Release Agreement is governed by California law. *See* Release Agreement, DE 374-1 at § 3.5.

the Release Agreement and therefore is covered under the Release Agreement as an agent of EVMC.

Finally, although plaintiff disputes the Court's power to decide a dispositive matter through a pre-motion letter, DE 402 at 18, the Second Circuit has upheld this practice. *See In re Best Payphones, Inc.*, 450 F. App'x 8, 15 (2d Cir. 2011) ("In this Circuit, district judges have, in some cases, construed pre-motion letters as the motions themselves and denied the motions.") (citation omitted). Any perceived injustice arising from this Court's dismissal of Eagle's claims against Reis without the benefit of full briefing has been remediated through the instant motion for reconsideration, wherein the Court has carefully considered all of Eagle's arguments.

## CONCLUSION

For the foregoing reasons, the motion for reconsideration is DENIED. The Eagle plaintiffs are directed to serve a copy of this Memorandum & Order upon Michael Reis and file a certificate of service forthwith.

Dated: Central Islip, New York
December 6, 2022

/s/ Gary R. Brown
GARY R. BROWN
United States District Judge